ACEVEDO, APPELLANT, *v.* THE REGISTRAR OF CAGUAS,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a *Lis Pendens* Notice.

No. 224.—Decided February 15, 1916.

ADMINISTRATIVE APPEAL—ACQUIESCENCE IN DECISION.—An appeal from the decision of a registrar refusing to enter a cautionary notice or take any action regarding instruments whose admission to record was denied by a former decision which clearly and squarely passed upon the same question should be dismissed, the said former decision being acquiesced in because more than twenty days elapsed between the date of its notification and the filing of the documents in the office of the secretary of this court.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellant.

The respondent registrar appeared *pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant having filed a motion of *lis pendens* in the Registry of Property of Caguas, record thereof was refused by the registrar in an indorsement reading as follows:

"The *lis pendens* notice solicited by virtue of the preceding documents is refused admission to record for the defects that (1) section 91 of the Code of Civil Procedure refers only to actions affecting the title or the right of possession of real property while the foregoing complaint refers to an attachment levied on a property which is not recorded in favor of the defendants or any other person, and that (2) the notice or complaint in question is not authenticated by a certificate of the secretary of the court in which the complaint was filed, a mere affirmation of the party in the petition addressed to the registrar not being sufficient for such admission to record according

to the decision of the Supreme Court in the case of *Mollfulleda* v. *The Registrar of Property,* 17 P. R. R. 30. The entry of a cautionary notice in this case would be improper. Caguas, July 10, 1915."

Appellant thereupon obtained from the secretary of the court a certificate as to the pendency of the action and again filed his notice together with such certificate, and the papers were again returned with the following indorsement:

"The foregoing. document is returned without any action having been taken because it does not cure the first defect referred to in the former refusal to admit it to record."

Appellant then presented in the registry of property the following petition:

"The petitioner, as verbal representative and attorney of María Nicasia Acevedo Nieves, presents this petition accompanied by the following documents:

"(A) Original motion of June 2, 1915, for a *lis pendens* notice presented to you in this case with note of presentation in your office dated June 24, 1915.

"(B) Literal copy of the complaint filed in the civil action of its title with a note of that office refusing to admit it to record dated 16· days later or July 10, 1915.

"(C) Certificate of the secretary of the Municipal Court of Caguas of July 12, 1915, attesting that the civil case of such title is filed in his office under number 1546, and that the property which is the object of the attachment whose nullity is sought is the same property referred to in the copy of the complaint presented for obtaining the record of the *lis pendens* notice.

"For the purpose of correcting the defect pointed out by you at the foot of the copy of the complaint referred to under letter (B) a new presentation of all the documents referred to was made on July 13, 1915, and 14 days later you endorsed thereon a simple note of the return of said documents without taking any action because, in your opinion, one of the defects pointed out by you in your decision of July 10, 1915, was not cured, and on neither of the two occasions did you enter a cautionary notice as you should have done in compliance with the positive provision of section 7 of the Act of March 1, 1902, governing appeals from the decisions of registrars of property.

"Your failure to enter such cautionary notice puts the interests

of the petitioner in grave danger, for as the attached property has already been sold to Román Boada by the marshal of this municipal court, if a new sale of the property should be made or a mortgage should be created thereon without the existence of such cautionary notice, the petitioner would be defrauded of her rights for the reason that she could not bring an action against the third person who would plead his good faith in the transaction.

"In order to avoid this we request that, taking into consideration the propriety of this petition and the imminent and immediate danger in which the interests of the petitioner have been placed by that office by reason of the said omission, you will pass upon the documents newly presented as you may deem proper, but in any case entering the proper cautionary notice as is imperatively required by law. Caguas, July 30, 1915."

Attached to this petition is the following affidavit:

"I, Rafael Arce Rollet, solemnly swear that on this 30th day of July, 1915, during the morning hours, I presented myself in the office of the registrar of property of this municipality and after delivering the foregoing motion and the documents referred to therein together with $1.50 in internal revenue stamps to the registrar, Fernando Vázquez, requested the said registrar to enter the cautionary notice petitioned for and that the said registrar not only refused to enter the said cautionary notice but also to allow the presentation of the documents to be entered in the day-book of the registry. Caguas, July 30, 1915. Rafael Arce.

"No. 792. Signed and sworn to before me this day by Rafael Arce Rollet, of age, lawyer, resident of this city, whom I know personally. Caguas, July 30, 1915. Lorenzo Jiménez y García, Notary."

It appears from the record that appellant was notified of the ruling contained in the indorsement first above mentioned upon the 13th of July and that the record was received in the office of the secretary of this court on August 7, 1915.

More than twenty days having elapsed from the date of notification of the first indorsement before the filing of the record in this court, the correctness of the second indorsemen' being unquestionable if we accept the soundness of the first, and the question raised in the petition last above mentioned having been squarely and expressly decided by the registrar

in the original indorsement, the whole matter is *coram non judice* and the so-called "appeal" must be dismissed without consideration upon the merits of the questions sought to be determined. *Behn* v. *Registrar of Property*, 21 P. R. R. 486, and cases cited.

*Dismissed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice del Toro took no part in the decision of this case.